UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

_____

In re:

LISA JANELLE WOLSKE,

            Debtor.

_____/

Case No. 24-01641-swd
Chapter 7
Hon. Scott W. Dales

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                    Chief United States Bankruptcy Judge

Debtor Lisa J. Wolske ("Debtor") filed a voluntary chapter 7 petition on June 20, 2024, and the Clerk gave notice of the first date set for the meeting of creditors – July 16, 2024.  *See* Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline ("Filing Notice," ECF No. 5). Kathleen Basha and Dr. Son Phung (the "Creditors"), represented by counsel, filed a document entitled "Creditors' [sic] Kathleen Basha and Dr. Son Phung's Complaint to Protect Debt against the Debtor on September 18, 2024 (the "Putative Complaint," ECF No. 9).

The Putative Complaint, which included as an attachment the Creditors' state court complaint against the Debtor in the Cass County Circuit Court, alleged that the Debtor committed various torts against them before filing her bankruptcy petition.  The Creditors evidently sought an order denying the Debtor a discharge and excepting from discharge their claims against her, alleging that the "fraudulent" debts are not dischargeable in bankruptcy (Putative Complaint at 3).

A creditor challenging a debtor's entitlement to discharge, or the discharge of particular debts, must seek that relief by commencing an adversary proceeding under Part VII of the Bankruptcy Rules.  *See* Fed. R. Bankr, P. 7001(4) and (6).  Because the Creditors did not proceed in this manner, and because the filing of the Putative Complaint put the brakes on the Clerk's

performance of her duty under Rule 4004(c)(1), the court held a telephonic hearing on October 3, 2024, attended by both parties, to discuss the next steps.

During that hearing, Creditors' counsel clarified that his clients are not objecting to the Debtor's discharge generally, only to the discharge of some of their claims in particular, implicating only Rule 4007 rather than Rule 4004. For her part, Debtor argued through counsel that the Creditors filed the Putative Complaint on September 18, 2024, two days beyond the Rule 4007 deadline and, as just noted, they did not properly commence an adversary proceeding. *See* Fed. R. Bankr. P. 4007(c) (deadline to file complaint under § 523(c) is 60 days after the first date set for the meeting of creditors under § 341); Fed. R. Bankr. P. 7001(6) (complaint to except particular debt from discharge is an adversary proceeding).

In response, the Creditors orally moved to extend the deadline to permit them to file a proper complaint. The court denied the extension request, however, explaining that in a chapter 7 case a creditor must bring such a motion "before the time [for filing a complaint] has expired." Fed. R. Bankr. P. 4007(c); *see also* Fed. R. Bankr. P. 9006(b)(3) (limiting the court's power to enlarge the deadline under Rule 4007(c)). The Rule 4007(c) deadline in this case was September 16, 2024, as set forth in the Filing Notice, making yesterday's oral extension motion itself untimely.

After discussing the matter with counsel, the court announced its intention to deny the relief requested through the Putative Complaint, without prejudice, for failure to comply with the due process protections of Part VII of the Bankruptcy Rules. Given the strict deadlines discussed above, however, the decision as a practical matter may preclude relief under Rule 4007(c) and § 523(c).

Should Creditors' counsel wish to file an adversary proceeding regarding his clients' claims, the court reminds him of his obligations under Rule 9011, the bankruptcy analog to Rule 11 of the Federal Rules of Civil Procedure.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Putative Complaint is DENIED without prejudice to commencing an adversary proceeding under Part VII of the Bankruptcy Rules.

IT IS FURTHER ORDERED that the Clerk shall consider entering the Debtor's discharge in compliance with Rule 4004(c), provided, however, that the Debtor has satisfied the usual prerequisites under that Rule.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon the Debtor, Thomas E. Becker, Esq. Orlando L. Blanco, Esq., Laura J. Genovich, Esq., the United States Trustee, and all parties requesting notice of these proceedings.

END OF ORDER

**IT IS SO ORDERED.**

**Dated October 4, 2024**



Scott W. Dales
United States Bankruptcy Judge